**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

STEVE HANKS,                                    )
                                                )
          Plaintiff,                            )
                                                )
     vs.                                        )          No. 1:23-CV-136-RHH
                                                )
CITY OF SIKESTON, et al.,                       )
                                                )
          Defendants.                           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented Plaintiff Steve Hanks

for leave to commence this civil action without prepayment of the required filing fee and on the

submission of an amended complaint. ECF Nos. 4, 5. The Court previously directed Plaintiff to

file an amended complaint because the original complaint was not drafted on a Court-provided

form. ECF No. 3. For the reasons stated below, the Court will grant the motion for *in forma*

*pauperis,* and dismiss this action pursuant to 28 U.S.C. § 1915 for failure to state a claim upon

which relief may be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

1

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted a certified copy of his inmate account statement. ECF No. 6. A review of Plaintiff's account indicates an average monthly deposit of $0.00 and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay any portion of the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

### The Complaint and Amended Complaint

On August 15, 2023, Plaintiff sent the Court a two-page handwritten letter addressed to "the Director of the Complaints Division." ECF No. 1. Within the letter, Plaintiff alleged his "civil and constitutional rights have been violated . . . by the City of Sikeston, County of Scott, and State of MO" for classifying him as a sex offender. *Id.* at 1. Upon review of the filing, the Court directed Plaintiff to submit an amended complaint on a Court-provided form in compliance with Local Rule 2.06(A). ECF No. 3.

On September 13, 2023, Plaintiff filed an amended complaint on a Court-provided form pursuant to 42 U.S.C. § 1983 against three defendants: (1) the City of Sikeston, Missouri; (2) Scott County Sheriff's Department; and (3) the Missouri Highway Patrol. ECF No. 4. Plaintiff alleges "the City of Sikeston Mo. erron[e]ously applied the law" and "violated his due process" when "they charged [him] with violating 566.147 Residing 1000 ft. from a school/daycare." *Id.* at 4. Plaintiff argues the statute "did not become active until June of 2004," which was two months after his guilty plea" and the violation should not have applied to his "Arizona conviction." *Id.* at 5. Plaintiff claims the City of Sikeston arrested him a second time "for loitering 500 ft from a school zone," which he, again, claims were based on inappropriate charges. *Id.*

2

As to Defendant Scott County Sheriff's Department, Plaintiff asserts a non-defendant detective forced him to register as a sex offender without a hearing. *Id.* at 6. Plaintiff states he attempted to register his home address, but the detective refused to accept the registration because the residence was not 1000 feet from a school or daycare. *Id.* He claims, "it was later ruled that the 1000 ft. rule did not apply to [him]," therefore, the Sheriff's Department violated his constitutional rights. *Id.*

Lastly, Plaintiff asserts the Defendant Missouri Highway Patrol incorrectly lists him in their database "as having committed a sexual kidnapping with injury to a 2 year old child." *Id.* at 15. He claims, "nothing could be farther from the truth" because "the courts ruled that [he] was not a 566 offender." *Id.* Plaintiff does not cite to any underlying state criminal court case that supports his contention. He does not claim his conviction for failure to register as a sex offender was reversed or that he was granted habeas corpus.

For relief, Plaintiff seeks $1,500 per day "for every day that [he is] incarcerated for the[e] misclassification" and $2,000,000 for pain and suffering. *Id.* at 8. He also requests that Defendant Missouri Highway Patrol "correct the misclassification" and remove him from the sex offender registry.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

After carefully reviewing the amended complaint and giving it the benefit of a liberal construction, the Court concludes that it must be dismissed against all three Defendants.

### A. Defendants Scott County Sheriff's Department and City of Sikeston

A sheriff's office is not a distinctly suable entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027

4

(8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, Plaintiff's complaint is legally frivolous and/or fails to state a claim against Defendant Scott County Sheriff's Department.

Even if Scott County was substituted for the Sheriff's Department, Plaintiff's claims would still fail against it for the same reasons the City of Sikeston must also be dismissed. While a local governing body, such as a city or a county, can be sued directly under § 1983, the plaintiff must establish the governmental entity's liability for the alleged conduct. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can potentially prove the liability of either the City of Sikeston or Scott County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is

5

asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, a plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, a plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, Plaintiff has failed to establish the liability of either the City of Sikeston or Scott County. Plaintiff has not alleged any non-conclusory facts that either municipality has an unconstitutional policy or custom, or that it has been deliberately indifferent in its failure to train or supervise its employees. He has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown

6

a "widespread, persistent pattern of unconstitutional misconduct" by County or City employees, much less that such misconduct was tacitly authorized by officials of either governing body. *See Johnson*, 725 F.3d at 828. Plaintiff's complaint involves his own personal experience with the municipalities, and widespread pattern of constitutional misconduct cannot be shown by a plaintiff's own circumstances alone. *See Russell v. Hennepin Cnty.*, 420 F.3d 841, 849.(8th Cir. 2005). To the extent Plaintiff is trying to impute liability onto the County or City due to the actions of the detective, a municipality cannot be held liable on a respondeat superior theory. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018).

The complaint simply does not contain any non-conclusory allegations tending to show a direct causal link between any official municipal policy or unofficial custom and the alleged constitutional violations, nor are there any non-conclusory allegations of a failure to train or supervise. While a self-represented pleading is to be liberally construed, it still must allege specific facts which, if proven true, would entitle the plaintiff to some legal relief against the named defendants under some cognizable legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff has failed to state a municipal liability claim against the City of Sikeston and Scott County, and his claims against these entities will be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Defendant Missouri Highway Patrol

As to Plaintiff's allegations against Defendant Missouri Highway Patrol, such claims are

7

barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A suit against the Missouri Highway Patrol is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendant Missouri Highway Patrol. The Court will, therefore, dismiss Plaintiff's claims as to this Defendant without prejudice.

Further, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, claims for constitutional violations under § 1983 are unavailable to prisoners if those claims necessarily imply the invalidity of a conviction or sentence. *Id.* at 486-87. Any ruling that Defendant Missouri Highway Patrol violated Plaintiff's constitutional rights by misclassifying him as a sex offender would necessarily imply that he should not have been convicted and imprisoned for failing to register. Consequently, he may not proceed on such a claim until his conviction for failing to register has been reversed or expunged by the Court which sentenced him. *Id.* at 486-87. *See e.g., West v. Reagle*, 2023 WL 5915980, at *1 (N.D. Ind. Sept. 7, 2023) (the plaintiff cannot pursue a civil claim for wrongful incarceration based on an allegation that he was not required to register as a sex offender under the statute, because such a claim rests on a presumption that his conviction is invalid); *Hall v. Att'y Gen. of Texas*, 266 F. App'x 355, 356 (5th Cir. 2008) (because plaintiff is currently incarcerated for failure to register his constitutional challenge to the registration requirement is an indirect challenge to his incarceration making his claims not cognizable under § 1983 until he proves that the incarceration has been reversed or declared invalid).

The Court, here, takes judicial notice of Plaintiff's state court record as it appears on

Missouri Case.net.[1] *See State v. Hanks, Sr.*, Case No. 22SO-CR00063-07 (33rd Jud. Cir. Ct., Scott Cnty.). The docket sheet reflects Plaintiff was found guilty of failing to register as a sex offender in April of 2023 and he filed a notice of appeal on August of 2023. It does not appear that Plaintiff's conviction for failure to register as a sex offender has been reversed or expunged. Therefore, this case must be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of October, 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").